## Charles F. Virgin v. George Virgin.

1. ESTOPPEL—*To Deny the Right of an Administrator to Indorse the Amount of the Purchase Price of Corn Bought from a Person Owing the Estate, upon a Note Held Against him by the Estate.*—Where a party who owed an estate $5,185, for which he had given his note to the intestate in his lifetime, sold a quantity of corn to the administrator, such administrator being authorized by the court appointing him to purchase such corn for the purpose of feeding it to the live stock belonging to the estate at the time of the sale, the note being due and unpaid and held by the administrator, who gave the vendor of the corn credit upon the note for the amount of the corn, *held.* proper, and that the vendor was estopped from recovering for the corn in question from the appellee personally, for the reason that when the corn was purchased the vendor knew that it was purchased by the administrator for the use of the estate.

**Assumpsit,** for merchandise sold and delivered. Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

WM. A. CRAWLEY, attorney for appellant.

EDWARD P. KIRBY, attorney for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

On February 28, 1901, appellant, Charles F. Virgin, sued appellee, George Virgin, in the Circuit Court of Morgan County, in an action of assumpsit, to recover the purchase price of a lot of corn which he claimed he had sold and delivered to him at his request, on March 8, 1899.

The case was tried by the court without a jury, by consent, and resulted in a finding and judgment in favor of appellee. Appellant excepted to the finding and judgment, prayed for, and was allowed an appeal to this court, and here urges for error, to effect a reversal of the judgment, that the finding and judgment are not supported by the evidence and are against the law applicable thereto. It appears that appellee did purchase of appellant, the corn as claimed; that appellant, at the time and before then, was

the administrator of the estate of John Virgin, deceased, and as such, was duly authorized by the court appointing him such administrator, to purchase the corn for the purpose of feeding it to the live stock belonging to the estate; that it was so fed, and that appellant,·who was a son of said deceased, had notice of all this before he sold the corn to appellee.

Appellant owed said estate a $5,185 note, which he had given to appellee's intestate in his lifetime, that was due and unpaid when the corn was purchased, and the note was then being held by appellee as such administrator.   Upon the note, appellee gave appellant credit for the purchase price of the corn on the day it·was purchased; and afterward, but before the suit at bar was commenced, appellee, as such administrator, sued appellant in the Circuit Court of Morgan County, Illinois, upon this note.   Appellant defended the suit, and upon the trial thereof, appellee, as such administrator, recovered a judgment against appellee for the amount of the note, less the credit given thereon for the corn.

Appellant concedes that appellee gave him credit upon the note which he (appellant) owed the estate for the corn in question, but contends that he did not tell him to do so, and for that reason he is not bound by it, and ought to be permitted to recover from appellant, personally, for the corn.

We think, however, that appellant is estopped from recovering for the corn in question from appellee personally for the reason that when it was purchased, he knew that appellee had bought it as administrator and for the use of the estate.   He also knew before bringing the suit, that appellee had given him credit upon a note which he (appellant) owed the estate, and he afterward permitted the court to allow him said credit when the amount due on the note was in question and determined in a suit between himself and appellee, as such administrator.

The learned judge who tried this case therefore properly found for appellee, and the judgment he entered should and will be affirmed.